UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBBIE L. MARSHALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 2:18-CV-261 RLM-MJD |
| | ) | |
| STATE OF INDIANA, INDIANA DEPARTMENT OF CORRECTION, WABASH VALLEY CORRECTIONAL, FACILITY, and STATE OF INDIANA PERSONNEL DEPARTMENT | ) ) ) ) ) ) | |
| Defendants | ) | |

## OPINION AND ORDER

Robbie Marshall, an internal investigator for the Indiana Department of Correction, was fired in October 2016. He contends that his termination was based on discrimination and retaliation as a result of his sexual orientation and violated the Fourteenth amendment. He brings the suit under Title VII of the Civil Rights Act, 42 U.S.C. 2000e-5, and 42 U.S.C. § 1983 against the state of Indiana, the Indiana Department of Correction, the Wabash Valley Correctional Facility, and the State of Indiana Personnel Department. The defendants move to dismiss, for failure to state a claim upon which relief can be granted, all claims other than the Title VII claim against the Department of Correction. [Doc. No. 22]. For the reasons that follow, the court grants that motion.

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all

well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (quoting Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

The Indiana Department of Correction and the State of Indiana Personnel Department are agencies of the State of Indiana; the Wabash Valley Correctional Facility is a complex of buildings operated by the Department of Correction. They can't be sued in federal court. The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three

2

exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress didn't abrogate the states' immunity through the enactment of §1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Indiana hasn't consented to this lawsuit, and Mr. Marshall is only seeking monetary damages based on past events.

In opposition, Mr. Marshall cites decisions of Indiana state courts, but the Eleventh Amendment has no impact on a state court's jurisdiction over the state and its agencies.

Nor can Mr. Marshall sue all of the defendants under Title VII. Only the plaintiff's employer can be liable under Title VII. See EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279-1282 (7th Cir. 1995). According to ¶¶ 18-19 of the complaint, the Department of Correction employed and terminated Mr. Marshall. Like many other departments of state government, the Department of Correction is an agency of the State of Indiana, but that doesn't make the State of Indiana Mr. Marshall's employer. The State of Indiana Personnel Department investigated the complaint against Mr. Marshall, but didn't employ him. Because the State of Indiana, Wabash Valley Correctional Facility, and State of Indiana Personnel Department didn't employ Mr. Marshall, the

3

complaint states no claim upon which relief can be granted against those defendants.

Accordingly, the court GRANTS the defendants' partial motion to dismiss. [Doc. No. 22]. Mr. Marshall's Title VII claim against the Indiana Department of Correction may proceed, but all other claims against all other defendants are dismissed.

SO ORDERED.

ENTERED:  October 17, 2018

                                              /s/ Robert L. Miller, Jr.  
                                            Judge, United States District Court

Distribution:

Kevin W. Betz  
BETZ & BLEVINS  
kbetz@betzadvocates.com

Jamie A. Maddox  
BETZ & ASSOCIATES  
jmaddox@betzadvocates.com

John Vincent Maurovich  
COOTS, HENKE & WHEELER  
jmaurovich@chwlaw.com

Cory Christian Voight  
COOTS HENKE & WHEELER, P.C.  
cvoight@chwlaw.com